Paul C. EchoHawk, ISB # 5802
Nathan R. Long, ISB # 5645
ECHOHAWK LAW OFFICES
151 N. 4th Avenue, Suite A
Post Office Box 6119
Pocatello, Idaho 83205-6119
Telephone:  (208) 478-1624
Facsimile:  (208) 478-1670
Email:  paul@echohawk.com
Email:  nlong@echohawk.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENDA SCISSONS and NADIA THOMAS, | ) ) ) | Case No.: CV 03-531-S-EJL |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **PLAINTIFFS' TRIAL BRIEF** |
| UNITED STATES OF AMERICA and PATRICK PIPE, | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

COME NOW the Plaintiffs, by and through Counsel Paul C. EchoHawk of the firm, EchoHawk Law Offices, and pursuant to the Court Second Scheduling Order dated July 26, 2005, herby submit their Trial Brief.

## I.    INTRODUCTION

During the early morning hours of December 9, 2001, Bureau of Indian Affairs ("BIA") Police Officer Patrick Pipe shot unarmed 19-year-old Jake Thomas twice in the back in his home in front of his mother, Brenda Scissons, and his younger sister, Nadia Thomas.  Jake died within minutes as a result of the shots fired by Patrick Pipe.  This action involves claims by Brenda

Scissons and Nadia Thomas relating to the wrongful death of Jake Thomas. The Plaintiffs have alleged in part that Officer Pipe's use of force was unreasonable and excessive causing the wrongful death of Jake Thomas. The Plaintiffs and Defendants in this case have opposing and widely different views of the sequence of events leading to Officer Pipe's shooting of Jake Thomas.

## II.    FACTUAL BACKGROUND

The factual allegations of the Plaintiffs are set forth generally in the Plaintiffs' Amended Complaint. The particular facts of the case are not accurately set forth in inadmissible police reports and "statements" of witnesses that were neither recorded nor verified by the respective witnesses. The government's "factual" summaries in this case are based upon subjective second-hand interpretations of events through government investigators or attorneys. The Plaintiffs will present factual information directly to the jury from eye-witnesses and those in contact with Jake Thomas during the hours before and at the time Patrick Pipe shot Jake Thomas. In general, an accurate factual description of the events leading up to and including the unreasonable and wrongful shooting of Jake Thomas is contained in the deposition transcripts of Brenda Scissons and Nadia Thomas, which are attached hereto as **Exhibit A** and **Exhibit B**.

## III.    PLAINTIFFS' CLAIMS

In this case the Defendants filed a Motion for Partial Summary Judgment (Docket No. 37) on March 1, 2006 seeking dismissal of a number of claims filed by the Plaintiffs prior to completion of significant discovery in this case. After reviewing the Defendants' motion in light of discovery documents and deposition testimony, the Plaintiffs filed a Notice of Non-Opposition to Defendants' Motion for Partial Summary Judgment. In accordance with the Defendants' motion and Plaintiffs' notice of non-opposition, a number of Plaintiffs' claims were

PLAINTIFFS' TRIAL BRIEF - 2

dismissed, and the following claims set forth in the Plaintiffs' Amended Complaint remain for resolution at trial:

- Count I – Excessive Force claim (*Bivens*) regarding Jake Thomas' Wrongful Death against Defendant Patrick Pipe;

- Count VII – Wrongful Death (28 U.S.C. § 2671 et seq.) against Defendant United States of America;

- Count IX – Intentional Infliction of Emotional Distress (28 U.S.C. § 2671 et seq.) against Defendant United States of America; and

- Count X – Negligent Infliction of Emotional Distress (28 U.S.C. § 2671 et seq.) against Defendant United States of America.[1]

The Plaintiffs' claims will be proved at trial by evidence presented by the Plaintiffs' witnesses.

## III.   EVIDENTIARY ISSUES

The Plaintiffs are submitting a witness list and exhibit list contemporaneously herewith. The Plaintiffs intend to utilize as exhibits the physical evidence seized by the government and in the government's possession in this case.  This evidence includes the property of officer Pipe (flashlight, cuffs, mace, expandable baton, gun, holster/belt, spend casings, etc.).  Counsel for the Plaintiffs is continuing in efforts to contact Defense counsel to arrange for an inspection of these items and for their production for use at trial.

The Plaintiffs also intend to utilize items to aid the testimony of the witnesses including diagrams of the floor-plan of the Jake Thomas residence, various police holsters for comparison to the "triple retention" holster worn by Officer Pipe, and a human mannequin.  Counsel for

---

[1] Counts I, VII, IX, and X of Plaintiffs' Amended Complaint are modified in accordance with and as set forth in the Court's Order addressing Defendants' Motion for Partial Summary Judgment.

Plaintiffs' will communicate in advance of trial with defense counsel regarding use of these items.

Plaintiffs anticipate that the government will offer as evidence police reports of interviews done by Bureau of Indian Affairs (BIA) law enforcement investigators, but the reports are inadmissible hearsay. Neither Rule 803(8) nor the residual hearsay exception applies to the reports.

Less than four hours after Brenda's son was shot to death, BIA law enforcement Criminal Investigator Marc Leber questioned Brenda about her son's death. He wrote an evaluative report of his criminal and liability investigation which contains his subjective analysis and conclusion regarding information not regularly maintained pursuant to any duty imposed by law. Criminal Investigator Scott Mace also planned and conducted an investigatory interview two days after the shooting, with an eye toward criminal prosecution or civil liability defense.

Presumably, the government will concede that the reports are hearsay statements, but argue that the hearsay exception contemplated by Rule 803(8)(B) applies. Rule 803(8) governs the admissibility of public records and reports. Fed.R.Evid. 803(8). It states,

> **"(8) Public records and reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."

Since the evaluative reports of the Criminal Investigators contain subjective analysis of the circumstances, prepared with an eye toward litigation or prosecution, and were not prepared pursuant to a routine duty imposed by a specific law, Rule 803(8)(B) does not apply. *United*

PLAINTIFFS' TRIAL BRIEF - 4

*States v. Brown,* 9 F.3d 907, 911-12 (11th Cir.1993); *U.S. v. Sokolow,* 91 F.3d 396, 404 (3rd Cir., 1996) (police and evaluative reports not satisfying the standards of [Federal Rules of Evidence] 803(8)(B) and (C) may not qualify for admission under [Rule] 803(6) or any of the other exceptions to the hearsay rule.")

"Congress was aware of the inherent bias that might exist in reports prepared by law enforcement officials in anticipation of trial. Congress, therefore, excluded such matters from the public records exception." *United States v. Brown,* 9 F.3d 907, 911-12 (11th Cir.1993). Many courts have drawn a distinction between police records prepared in a routine, non-adversarial setting and those resulting from a more subjective investigation and evaluation of a crime. *E.g., United States v. Quezada,* 754 F.2d 1190, 1194 (5th Cir.1985); *United States v. Grady,* 544 F.2d 598, 604 (2d Cir.1976). Significantly, the breadth of the exception in Rule 803(8) is further limited by the general qualification proscribing the use of public records if "the sources of information or other circumstances indicate a lack of trustworthiness." Fed.R.Evid. 803(8).

Unlike the Leber and Mace reports, documents falling within the 803(8) exception "record routine, objective observations, made as part of the everyday function of the preparing official or agency," and, "the factors likely to cloud the perception of an official engaged in the more traditional law enforcement functions of observation and investigation of crime are simply not present." *Quezada,* 754 F.2d at 1194. It cannot be said that Investigators Leber and Mace "lack[ed] any motivation [] to do other than mechanically register an unambiguous factual matter," which is a significant factor considered by courts analyzing the applicability of Rule 803(8). *Quezada,* 754 F.2d at 1194.

The applicable federal cases have one thing in common, that is, the information admitted into evidence pursuant to this exception was gathered and recorded in a strictly routine manner, such that it could be considered more reliable than subjective observations. *See Brown,* 9 F.3d at 911-12; *Quezada,* 754 F.2d at 1193-94; *Grady,* 544 F.2d at 604.   Since the information prepared by the Investigators was not gathered in a strictly routine manner, the Leber and Mace reports are inadmissible under Rule 803(8).

Likewise, the reports are inadmissible under the residual exception to the hearsay rule. Courts have noted that Congress intended the residual hearsay exception to be used " 'very rarely, and only in exceptional circumstances.' " *Benavente Gomez,* 921 F.2d at 384 (quoting S.Rep. No. 1277, 93d Cong.2d Sess., 20 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7051, 7066); *see also Nivica,* 887 F.2d at 1127 ("Rule 803(24) should be used stintingly").   Furthermore, Congress did not intend for the exception " 'to establish a broad license for trial judges to admit hearsay statements that do not fall within one of the other exceptions' or 'to authorize major judicial revisions of the hearsay rule.' " *Benavente Gomez,* 921 F.2d at 384 (quoting S.Rep. No. 1277, 1974 U.S.C.C.A.N. 7066.)   Thus, the residual exception to the hearsay rule does not allow for the admission of the reports either.

## III.   EXHIBIT AND WITNESS LISTS

Attached hereto as Exhibit C is Plaintiffs' Witness list.  Plaintiffs' Exhibit list is attached as Exhibit D.

DATED this 3rd day of October 2006.

ECHOHAWK LAW OFFICES

/s/Paul C. EchoHawk
Paul C. EchoHawk, Esq.
Attorneys for Plaintiffs

PLAINTIFFS' TRIAL BRIEF - 6

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October 2006, I caused to be served a true and correct copy of the foregoing by the method indicated below, and addressed to the following:

Robert C. Grisham
U.S. Attorney's Office
MK Plaza, Plaza IV
800 Park Blvd., Suite 600
Boise, Idaho 83712-9903
Phone: (208) 334-1211
Fax: (208) 334-9375
Email: robert.grisham@usdoj.gov

☐ U.S. Mail

☐ Hand Delivered

☐ Overnight Mail

☐ Telecopy (Fax)

☒ ECF Notice


/s/Paul C. EchoHawk
for ECHOHAWK LAW OFFICES

H:\WDOX\CLIENTS\0053\0001\00015548.DOC

PLAINTIFFS' TRIAL BRIEF - 7