UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

BRENDA SCISSONS and NADIA THOMAS,  )
)  Civil No. 03-0531-S-EJL
          Plaintiffs,  )
)  **JURY INSTRUCTIONS**
  vs.  )
)
UNITED STATES OF AMERICA and  )
PATRICK PIPE,  )
)
          Defendants.  )
)
)

DATED:  October 24, 2006

Honorable Edward J. Lodge
U. S. District Judge

## INSTRUCTION NO. __1__

Ladies and gentlemen: You now are the jury in this case, and the Court wants to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial the Court will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law which the Court will give to you. That is how you will reach your verdict. In doing so, you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents, and other things received into evidence as exhibits and any facts on which the lawyers agree or which the Court may instruct you to accept.

You should not take anything the Court may say or do during the trial as indicating what the Court thinks of the evidence or what your verdict should be.

## INSTRUCTION NO. _2_

To help you follow the evidence, the Court will give you a brief summary of the positions of the parties:

Plaintiff Brenda Scissions is the mother of Jake Thomas and Plaintiff Nadia Thomas is the sister of Jake Thomas. The Plaintiffs claim Bureau of Indian Affairs Sgt. Patrick Pipe violated Jake Thomas' civil and/or constitutional rights and this led to the wrongful death of Jake Thomas. Plaintiffs also filed claims for the wrongful death, intentional infliction of emotional distress and the negligent infliction of emotional distress against the United States.

Sgt. Pipe denies he violated Jake Thomas' civil and/or constitutional rights, claims he is entitled to qualified immunity for his action and claims the shooting of Jake Thomas was the justified use of force. The United States denies liability regarding Plaintiffs' claims for wrongful death, intentional infliction of emotional distress or negligent infliction of emotional distress and claims Sgt. Pipe was acting in self-defense.

Certain factual questions need to be determined by the

1

jury and certain factual and legal issues need to be resolved by the Court.  The final jury instructions will set forth the issues to be determined by the jury.

## INSTRUCTION NO. 3

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 4**

There are rules of evidence which control what can be received into evidence. When a lawyer asks questions or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If the Court overrules the objection, the question may be answered or the exhibit received. If the Court sustains the objection, the question cannot be answered, and the exhibit cannot be received. Whenever the Court sustains an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes the Court may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which the Court told you to disregard.

## INSTRUCTION NO. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness' memory;

3. the witness' manner while testifying;

4. the witness' interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness' testimony;

6. the reasonableness of the witness' testimony in light of all the evidence; and

7. any other factors that bear on believability

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## INSTRUCTION NO. ___6___

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

1.  statements and arguments of the attorneys;

2.  questions and objections of the attorneys;

3.  testimony that the Court instructs you to disregard;

4.  anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

# INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. __8__

Some evidence may be admitted for a limited purpose only. When the Court instructs you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## INSTRUCTION NO. _9_

The Court will now say a few words about your conduct as jurors.

First, do not talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but don't tell them anything about the case until after you have been discharged by the Court.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to the Court immediately.

Fourth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

1

Fifth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own.

Sixth, if you need to communicate with the Court, simply give a signed note to the bailiff to give to the Court.

Seventh, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

## INSTRUCTION NO. __10__

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time-consuming for the reporter to read back lengthy testimony. The Court urges you to pay close attention to the testimony as it is given.

## INSTRUCTION NO. ___11___

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## INSTRUCTION NO. __12__

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or be calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. The Court may not always grant an attorney's request for a conference. Do not consider the Court's granting or denying a request for a conference as any indication of the Court's opinion of the case or of what your verdict should be.

# INSTRUCTION NO. 13

The trial will begin this afternoon. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make opening statement.

The Plaintiff will then present evidence, and counsel for the Defendant may cross-examine. Then the Defendant may present evidence, and counsel for the Plaintiff may cross-examine.

After the evidence has been presented, the Court will instruct you on the law that applies to the case, and the attorneys will make closing arguments.

You will then decide the case.

## INSTRUCTION NO. 14

We are about to take our first break during the trial, and the Court wants to remind you of the instruction the Court gave you earlier. Until the trials is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with the Court about anything, simply give a signed note to the bailiff to give to the Court.

The Court will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

## INSTRUCTION NO. 15

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys will be presented, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as the Court gives it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following the Court's instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestions as to what verdict you should return—that is a matter entirely up to you.

# INSTRUCTION NO. 16

You may use notes taken during trial to assist your memory. Notes, however, should not be substituted for your memory, and you should not be overly influenced by the notes.

**INSTRUCTION NO.** ___17___

The evidence from which you are to decide what the facts are consists of:

1.  The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2.  The exhibits which have been received into evidence; and

3.  Any facts to which all the lawyers have agreed or stipulated.

**INSTRUCTION NO. 18**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. _19_

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## INSTRUCTION NO. ___20___

Certain evidence has been presented to you by deposition. A deposition is sworn testimony of a witness taken before trial. Deposition testimony is entitled to the same consideration and is to be judged as any other evidence.

# INSTRUCTION NO. 21

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

# INSTRUCTION NO. 22

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. The Court will again list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where the Court has given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. ⹁ 23

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 24**

On any claim, if you find that each of the elements on which the Plaintiff has the burden of proof has been proved, your verdict should be for the Plaintiff on that claim, unless you also find that the Defendant has proved an affirmative defense, in which event your verdict should be for the Defendant on that claim.

You should decide the case as to each Plaintiff and each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

**INSTRUCTION NO. 25**

On the Plaintiffs' claims that constitutional violations by Defendant Pipe resulted in wrongful death of Jake Thomas, the Plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

1.  The acts or omissions of Defendant Pipe were intentional;

2.  Defendant Pipe acted under color of law; and

3.  The acts or omissions of Defendant Pipe were the cause of the deprivation of the Jake Thomas' rights protected by the Constitution or laws of the United States.

If you find that each of the elements on which the Plaintiff has the burden of proof has been proved, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for Defendant Pipe.

# INSTRUCTION NO. 26

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any federal, state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Defendant Pipe acted under color of law.

# INSTRUCTION NO. ___27___

The Plaintiffs claim Defendant Pipe by unlawfully entering the private residence, deprived Jake Thomas of his Fourth Amendment right to be free from an unreasonable search. Defendant Pipe claims he lawfully entered the residence.

The Fourth Amendment of the Constitution prohibits police officers from making warrantless entry into a person's residence, unless the officers are presented with exigent circumstances, an emergency or the officer has express or implied consent to enter the residence.

# INSTRUCTION NO. __28__

Exigent circumstances include situations that would cause a reasonable person to believe entry into the residence was necessary to prevent physical harm to the officer or other persons.

**INSTRUCTION NO. 29**

The emergency aid exception to the warrant requirements applies if: (1) the police officer has reasonable grounds to believe that there is an emergency at hand and there is an immediate need for their assistance for the protection of life or property, and (2) the entry must not be primarily motivated by an intent to arrest or seize evidence.

## INSTRUCTION NO. _30_

In determining whether a police officer had consent to enter a private residence, it is not necessary for you to find the occupants provided the officer with a clear verbal statement granting him express consent to enter the home. Rather, clear and unequivocal consent to enter may be implied from the totality of the circumstances.

While mere failure to object to an officer's entry is alone insufficient to allow an inference of consent, you may consider whether the occupants in the residence objected to the officer's entry, and whether the officer was responding to an emergency call requesting help from one of the occupants of the residence in determining whether he had received clear and unequivocal consent to enter the home.

## INSTRUCTION NO. 31

The Plaintiffs claim Defendant Pipe, by unlawfully arresting Jake Thomas, deprived Jake Thomas of his Fourth Amendment right to be free from an unreasonable seizure. Defendant Pipe claims the arrest was lawful under the Fourth Amendment.

An arrest is a lawful seizure under the Fourth Amendment if such arrest is supported by probable cause. An arrest is supported by probable cause if, under the totality of circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that Jake Thomas had committed a crime.

## INSTRUCTION NO. _32_

If the facts known to an arresting officer are sufficient to create probable cause, the arrest is lawful, regardless of the officer's subjective reasons for it. Thus, a police officer's subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause.

## INSTRUCTION NO. 33

Under the Duck Valley Reservation Code of Offense, Section 12, Disorderly Conduct is an offense. Section 12 provides:

Every Indian who shall engage in fighting in a public place, or appear in a public or private place in an intoxicated and disorderly condition, or who shall engage in an other act of public indecency or immorality, shall be deemed guilty of disorderly conduct.

## INSTRUCTION NO. _34_

Ordinance No. SPO-03 of the Business Council of the Shoshone-Paiute Tribes of the Duck Valley Reservaion provides:

In an emergency circumstance, a Law Enforcement Officer shall arrest a suspect any where within the exterior boundaries of the Duck Valley Reservation, without a warrant if the officer has probable cause to believe that a physical act has been committed which caused a person to reasonably fear imminent serious bodily harm or death.

# INSTRUCTION NO. 35

The Plaintiffs claim Defendant Pipe, by using deadly force, deprived Jake Thomas of his Fourth Amendment right to be free from excessive force. Defendant Pipe claims the shooting of Jake Thomas was a justified use of force under the Fourth Amendment. An officer's use of deadly force is reasonable under the Fourth Amendment if the officer has probable cause to believe that the suspect poses a signficant threat of death or serious physical injury to the officer or others.

## INSTRUCTION NO. ___36___

In deciding whether Officer Pipe's use of deadly force was reasonable, you should consider the totality of the circumstances at the time. The reasonableness of a particular use of force must be judged objectively from the information available at the time from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. You must also allow for the fact that police officers are often forced to make split second decisions -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation.

**INSTRUCTION NO. 37**

In the deadly force analysis, "probable cause" is defined as facts and circumstances sufficient to warrant a prudent officer in believing that the suspect posed a significant threat of death or serious bodily harm to the officer or others.

# INSTRUCTION NO. _38_

Officers need not avail themselves of the least intrusive means of responding to a suspect's conduct; officers need only act within that range of conduct identified as reasonable under the particular circumstances.

# INSTRUCTION NO. 39

Where an officer intentionally or recklessly provokes a violent confrontation and if the provocation is an independent Fourth Amendment violation and that provocation actually caused the violent confrontation, an officer is liable for his otherwise defensive use of deadly force.

Where an officer negligently provokes a violent confrontation, such negligence does not make it unreasonable for the officer to use force to defend himself under the Fourth Amendment.

**INSTRUCTION NO. _40_**

On the Plaintiffs' wrongful death claim against the United States, the Plaintiffs

have the burden of proving each of the following elements by a preponderance of the

evidence:

1) That Patrick Pipe was an employee of a governmental agency of the United States;
2) That while Pipe was acting under the scope of his employment with the United States, he fatally shot Jake Thomas;
3) That Pipe's shooting of the plaintiff was negligent;
4) That Jake Thomas died as a result of Pipe's shooting him; and,
5) The nature and extent of the damages, if any, to the plaintiff, the elements of damage, and the amount thereof.

The parties have stipulated to Nos. 1 and 2 above.

In this case, the United States denies Officer Pipe was negligent and asserts self

defense as an affirmative defense. An actor is privileged to defend himself against

another by force intended or likely to cause death or serious bodily harm when he

reasonably believes that:

1) The other is about to inflict upon him an intentional contact or other bodily harm; and,
2) He is thereby put in peril of death or serious bodily harm which can safely be prevented only by the immediate use of such force.

INSTRUCTION NO. ___41___

On the Plaintiffs' claim of intentional infliction of emotional distress, the Plaintiffs have the burden to prove each of the following elements by a preponderance of the evidence for each Plaintiff:

1.      That Patrick Pipe was an employee of a governmental agency of the United States;

2.      While acting under the scope of his employment with the United States, Officer Pipe engaged in conduct that was intentional or reckless;

3.      The conduct must be extreme and outrageous;

4.      That there was a causal connection between Officer Pipe's conduct and the Plaintiff's emotional distress; and

5.      The Plaintiff's emotional distress was severe.

INSTRUCTION NO. __42__

On the Plaintiffs' claim of negligent infliction of emotional distress, the Plaintiffs have the burden to prove each of the following elements by a preponderance of the evidence for each Plaintiff:

1.    That Patrick Pipe was an employee of a governmental agency of the United States;
2.    While acting under the scope of his employment with the United States, Officer Pipe engaged in conduct that was negligent;
3.    Officer Pipe's conduct must be extreme and outrageous;
4.    That there was a causal connection between Officer Pipe's conduct and the Plaintiff's emotional distress; and
5.    Plaintiff's emotional distress was accompanied by a physical injury or manifestation.

## INSTRUCTION NO. __43__

"Emotional distress" under the Plaintiffs' claims for intentional and negligent

infliction of emotional distress is defined as follows:

Emotional Distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. It is only where it is extreme that the liability arises. Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. The intensity and the duration of the distress are factors to be considered in determining its severity.

# INSTRUCTION NO. 44

When the Court uses the word "negligence" in these instructions, the Court means the failure to use ordinary care in the management of one's property or person. The words "ordinary care" mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence. Negligence may thus consist of the failure to do something which a reasonably careful person would do, or the doing of something a reasonably careful person would not do, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

# INSTRUCTION NO. 45

When the Court uses the word "intentional" in these instructions, the Court means that the actor engaged in conduct that he intended or desired to cause the consequences of his act, or that he believed that the consequences were substantially certain to result from it.

When the Court uses the word "reckless" in these instructions, the Court means that the actor engaged in conduct that he should have known not only created an unreasonable risk of harm to another, but involved a high degree of probability that such harm would actually result.

## INSTRUCTION NO. ___46___

To establish "extreme and outrageous conduct", the Plaintiffs must show by a preponderance of the evidence that:

Officer Pipe's conduct must be more than merely objectionable or unreasonable but must rise to the level of atrocious an beyond all possible bounds of decency that would cause an average member of the community to believe it was outrageous.

# INSTRUCTION NO. ____47____

To establish a physical injury or manifestation, a Plaintiff must show, by a preponderance of the evidence that:

Plaintiff's emotional distress has manifested itself through physical symptoms such as severe headaches, occasional suicidal thoughts, sleep disorders, fatigue, stomach pains and loss of appetite.

# INSTRUCTION NO. 48

When the Court uses the expression "cause," the Court means a cause which, in natural or probable sequence, produced the complained injury, loss or damage, and but for that cause the damage would not have occurred. It need not be the only cause. It is sufficient if it is a substantial factor in bringing about the injury, loss or damage. It is not a proximate cause if the injury, loss or damage likely would have occurred anyway.

# INSTRUCTION NO. ___49___

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiffs, you must determine each plaintiff's damages. The Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the Defendant. You should consider the following:

For Claims 1 and 2 on the Special Verdict form, each Plaintiff is entitled to the reasonable value for the loss of society, comfort and companionship of Jake Thomas.

For Claims 1 and 2 on the Special Verdict form, Plaintiff Brenda Scissions is also entitled the reasonable value of support lost to the present time; the reasonable value of support which with reasonable probability will be lost in the future; the reasonable value of services lost to the present time; and the reasonable value of services which with reasonable probability will be lost in the future.

For Claims 3 and 5 on Special Verdict form, Plaintiff Brenda Scissions is entitled to damages for the emotional distress experienced.

For Claims 4 and 6 on Special Verdict form, Plaintiff Nadia Thomas is entitled to damages for the emotional distress experienced.

The Plaintiffs have the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

1

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**INSTRUCTION NO. 50**

If you find for Plaintiff Brenda Scissions in Claims 1 or 2, she is entitled to recover the value of what Jake Thomas as an adult child would have contributed to his mother in the form of "support" and "services" if Jake Thomas had lived.

"Support" includes contributions-in-kind as well as money.

"Services" means tasks, usually of a household nature, regularly performed by the decedent, Jake Thomas, that will be a necessary expense to Plaintiff Brenda Scissions. These services may vary according to the identity of the decedent and the heir and shall be determined under the particular facts of this case.

# INSTRUCTION NO. __51__

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as loss of society, comfort and companionship are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money which may be caused by future inflation.

# INSTRUCTION NO. 52

The law forbids you to determine any issue in this case by chance. Thus, if you determine that a party is entitled to recover, you must not arrive at the amount of damages to be awarded by agreeing in advance to take the independent estimate of each juror of the amount to be awarded and then to average such estimates to set the amount of your award.

# INSTRUCTION NO. __53__

In instructing you on the subject of damages, the Court does not express any opinion as to whether Plaintiffs are or are not entitled to damages.

## INSTRUCTION NO. 54

If it becomes necessary during your deliberations to communicate with the Court, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court except by a signed writing; and the Court will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, the Court will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including the Court--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## INSTRUCTION NO. __55__

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully and with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 56**

A special verdict form has been prepared for you. After you have reached unanimous agreement on the special verdict, your foreperson will fill in, date, and sign the special verdict form and advise the Court that you have reached a verdict.